IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:20-591 |
| v. | 18 U.S.C. § 371 |
|  | 18 U.S.C. § 287 |
| **DAVID TSUI** | 18 U.S.C. § 1347 |
| ~~COMFORTLAND MEDICAL INC.~~ | 42 U.S.C. § 1320a-7b(b) |
| Comfortland International LLC formerly known as Cumberland Medical Inc. | *Amended* **INFORMATION** |

*(handwritten margin marks: η, JEZ, ABM, signature)*

## COUNT 1
(Conspiracy to Defraud the United States)

**THE UNITED STATES ATTORNEY CHARGES:**

1. The defendants, **DAVID TSUI** and **COMFORTLAND MEDICAL INC.**, and others defrauded the United States, Medicare, the Civilian Health and Medical Program of the Department of Veteran's Affairs "hereinafter VA" "hereinafter CHAMPVA", and Medicare beneficiaries[1] through a fraudulent kickback scheme that placed profit over care.

### Conspiracy

2. From at least in or around March 22, 2016, and continuing up to April 9, 2019, in the District of South Carolina and elsewhere, the defendants **DAVID TSUI, COMFORTLAND MEDICAL INC.,** and others knowingly and intentionally combined, conspired, confederated, agreed, and had a tacit understanding to:

---

[1] CHAMPVA is a federal health care program for certain spouse and children of permanently and totally disabled veterans or deceased veterans. For those Medicare beneficiaries with CHAMPVA benefits, Medicare is the first payer for claims submitted by providers and then CHAMPVA typically pays the remaining balance.

1

a. knowingly defraud the United States by impairing, obstructing and defeating, and attempting to impair, obstruct, and defeat the lawful functions of the United States Department of Health and Human Services "hereinafter DHHS" and the VA in the administration of Medicare and CHAMPVA;

b. knowingly and willfully devised a scheme and artifice to defraud health care programs and to obtain by means of false and fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in violation of Title 18, United States Code, Section 1347;

c. knowingly offering and paying remuneration, including kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce a person to refer an individual to a person for the furnishing and arranging for the furnishing of any item or service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare and CHAMPVA, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A);

d. knowingly offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce such person to purchase, and arrange for and recommend purchasing and ordering any good, for which payment may be made in whole and in part under a Federal health care program, that is, Medicare and CHAMPVA, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## Purpose of the Conspiracy

3.     It was the purpose of the conspiracy for the defendants, **DAVID TSUI COMFORTLAND MEDICAL INC.**, and others to enrich themselves and maximize profits at the expense of the United States and patients by participating in the following scheme.

## Manner and Means of the Conspiracy

4.     The manner and means of the conspiracy operated substantially as follows and include, but were not limited to:

a.     Various DME companies in the scheme would hide ownership and controlling interests through the use of straw owners.

b.     The DME companies entered into agreements with offshore call centers, to purchase completed product orders so that the companies could bill Medicare and CHAMPVA. The product orders were documented and tracked through a website.

c.     The DME companies would receive a file transfer from the offshore call centers that included a physician's prescription, the Medicare patient's information, and the DME that was to be shipped to the patient.

d.     The DME companies would receive invoices that disguised the fact that what was being purchased was completed product order.

e.     To maximize doctors signing the prescriptions, patients were incentivized to use telemedicine doctors. The telemedicine doctors did not have relationship with the Medicare patients, and could not physically examine them.

g.  The scheme used drop ship companies to process the orders and ultimately ship the DME products to the Medicare patients. These dropship companies were paid by the DME companies participating in the scheme.

h. The defendant, **DAVID TSUI**, referred DME companies to offshore call centers. In return for these referrals, the offshore call center paid **DAVID TSUI** a fee.

i. The defendant, **DAVID TSUI**, was excluded by the Department of Health and Humans Services, Office of Inspector General from participation in all Federal health care programs, including Medicare and CHAMPVA.

j. In spite of this debarment, **DAVID TSUI**, operated the dropship company **COMFORTLAND MEDICAL INCORPORATED ("COMFORTLAND")**. This dropship company facilitated the above describe scheme through the shipment of products to Medicare patients. For this, **COMFORTLAND** received payments from DME companies participating in the scheme.

k. To disguise **DAVID TSUI's** involvement in **COMROTLAND**, the company was owned by **DAVID TSUI's** wife. Yet, **DAVID TSUI** directed **COMFORTLAND's** involvement in the above described scheme.

## Overt Acts

5.  In furtherance of the conspiracy and to effect the conspiracy, the following overt acts, among others, were committed in the District of South Carolina;

a.  On or about October 18, 2016, **Cumberland Medical Equipment, Inc.,** billed Medicare $942 for a Wrist Hand Orthosis, for Medicare beneficiary C.M., claim number 16183715541000.

b. On or about November 10, 2016, **Cumberland Medical Equipment, Inc.,** billed Medicare $1936 for a Lumbar Sacral Orthosis, for Medicare patient P.S., claim number 16228708186000.

All in violation of Title 18, United States Code, Section 371.

_____
PETER M. MCCOY, JR (JHM, DAS)
UNITED STATES ATTORNEY